# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CARLOS H. RODRIGUEZ-GUTIERREZ,
et al.,

      **Plaintiffs,**

      **v.**

HOSPITAL GENERAL MENONITA,
INC., et al.,

      **Defendants.**

Civil No. 16-2990 (ADC)

## OPINION AND ORDER

Plaintiffs request the Court reconsider its decision denying their motion to file a second amended complaint. **ECF No. 58**. The Court **DENIES** the motion to reconsider. **ECF No. 58**.

On February 19, 2019, plaintiffs requested leave to file an amended complaint to conform the complaint to the facts uncovered in discovery and to add a negligence claim in light of information disclosed during a deposition on February 12, 2019. **ECF No. 54**. Defendants filed joint oppositions to the request. **ECF Nos. 55, 56.** The Court denied the request to amend on March 15, 2019, stating, "The request to amend the complaint is prejudicially untimely. Discovery has long since closed in this case and the amended complaint seeks to add a new allegation of negligence that plaintiffs admittedly had the information necessary to ascertain nearly 1.5 years ago." **ECF No. 57**.

Plaintiffs present three arguments in support of reconsideration. First, they note that discovery in this case had not closed until February 28, 2019. **ECF No. 58** at 1. They also explained that defendants provided the information pertinent to their newly-sought negligence claim no earlier than October 13, 2017, which was before plaintiffs' counsel's office regained electricity after Hurricane María. Therefore, the Court should exercise leniency. *Id*. at 2; **ECF No. 54** at 2 n.1. Last, in a subsequent filing, plaintiffs noted that the non-diverse plaintiffs in a sister case filed in state court were granted their identical motion to amend the complaint. **ECF No. 61**.

The Court stands corrected that the discovery deadlines imposed in this case—originally by Judge Salvador E. Casellas, amended by Senior Judge Daniel R. Domínguez, and amended again upon recusal of Judge Carmen C. Cerezo by Magistrate Judge Bruce J. McGiverin—did indeed mark February 28, 2019, as the close of discovery. **ECF Nos. 22, 27, 36, 38, 42, 51**. However, the deadline to amend the pleadings nonetheless expired on April 17, 2017, over two years ago. **ECF No. 22**. Although leave to amend a complaint should be freely given when justice so requires, "[o]nce a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Plaintiffs have not articulated good cause to support their request.

Plaintiffs' attribution to Hurricane María for any delay in their ability to uncover the claim at issue is unconvincing. As defendants noted, plaintiffs received discovery as early as March 27, 2017, prior to the deadline to amend the pleadings, that would have directed them to the claim at issue. **ECF No. 55**. Although defendants may have provided additional discovery that

better outlined the new negligence claim in October 2017, plaintiffs did not make their request

to amend until almost 1.5 years later.[1]

Plaintiffs identify the February 12, 2019 deposition as the first time in which they learned

of the specific medical protocol underlying their new negligence claim. They indicate that they

received the written protocols at issue in an email from defense counsel on February 13, 2019,

though the history of the email apparently demonstrates that defendants sent this information

in October 2017. **ECF No. 54** at 2 n.1. Plaintiffs nonetheless assert that they did not actually *receive*

the protocols until the February 13 re-emailing, surmising that Hurricane María's impact on

telecommunications interfered with the October disclosure. Thus, plaintiffs assert that their

request to amend, filed just days after the deposition, is sufficiently prompt and in good faith.

The Court is not convinced. While the Court is sympathetic to the breadth of issues facing

litigants in the wake of Hurricane María, the sheer fact that the storm so widely impacted the

island's infrastructure system should have prompted plaintiffs to confirm with defendants that

they had, indeed, received all communications about the case post-storm. This simply does not

meet the demanding good-cause standard at issue. What plaintiffs have otherwise presented is

the confirmed emailing of evidence essential to its new claim some 1.5 years ago that

---

[1] After the passage of Hurricane María on September 19–20, 2017, the Federal Court formally re-opened to the public on October 16, 2017. At that point, the Court's electronic filing system was completely operational. Nonetheless, the Court took cautionary provisions regarding deadlines in civil and criminal cases. The Court established an attorney's lounge with computer access to assist attorneys experiencing hardships related to power-failures. Even under the most favorable scenario for plaintiffs, i.e., assuming counsel experienced a six-month power failure, plaintiffs have nonetheless failed to provide good cause for their ongoing inaction after power was restored island-wide in March 2018.

inexplicably went unnoticed by plaintiffs until recently. The Court does not intend to impose on plaintiffs a Catch-22 of knowing what it does not know, but the extraordinary circumstances posed by the storm highlight plaintiffs' failure to uncover this problem sooner. Diligence is the key element in weighing a post-scheduling order request to amend. *See Steir*, 383 F.3d at 12.

"[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id*. The deadline for dispositive motions in this case has already passed and pretrial filings are due next week.[2] While the Court will entertain extensions of those deadlines, allowing plaintiffs to amend their complaint at this procedural stage will require the Court to reopen discovery and prolong the case further. Accordingly, the request is **DENIED**. **ECF No. 58**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of July, 2019.

S/AIDA M. DELGADO-COLÓN
**United States District Judge**

---

[2] While the proceedings in another court and in another case are of little consequence to the Court's ruling herein, there is no indication that the sister case in state court is in a similar procedural posture.